IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,450-01






EX PARTE TRAVIS WADE JOHNSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 17,929-2003 IN THE 402
ND JUDICIAL DISTRICT COURT


FROM WOOD COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated assault
and was sentenced to ten years' imprisonment. His appeal was dismissed for want of jurisdiction 
Johnson v. State, No. 12-06-00149-CR (Tex. App. - Tyler, May 17, 2006, no pet.)

 Applicant contends that his plea was involuntary because counsel advised him that he would
receive shock probation if he accepted the State's plea offer. Applicant alleges that counsel knew
or should have known that he was ineligible for shock probation because of a prior conviction. 
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 The trial court shall give trial counsel an opportunity to file an affidavit responding to
Applicant's claims. The affidavit shall state whether counsel advised Applicant that he would
receive shock probation if he accepted the State's ten-year plea offer. If counsel advised Applicant
that he was eligible for shock probation, the affidavit shall state the basis for counsel's conclusion
that Applicant was eligible for shock probation. If Applicant was ineligible for shock probation as
a result of a prior conviction, counsel shall state whether he was aware of this prior conviction, and
if so, from what source. The affidavit shall also state whether it was counsel's belief that Applicant
would have pleaded guilty in exchange for the State's ten-year offer if Applicant had been aware that
he could not receive shock probation. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. First, the trial court shall make findings as to the basis for its
conclusion that Applicant was not eligible for shock probation. If the conclusion was based on the
fact that Applicant had a prior conviction which rendered him ineligible, the court shall supplement
the record with a copy of the judgment in the prior conviction. The trial court shall also make
findings as to whether shock probation was an element of the plea agreement, and shall supplement
the record with copies of the plea papers in this cause. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: December 20, 2006

Do not publish